IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **LUMEN EMPLOYEE BENEFITS COMMITTEE,** | **FILE NO. 1:21-CV-2893** |
| **Plaintiff,** | |
| v. | |
| **AUDRINE SELLERS and THE LAW OFFICES OF BRETT W. BATOFF, LLC,** | |
| **Defendants.** | |

## COMPLAINT

COMES NOW, Lumen Employee Benefits Committee[1], by and through undersigned counsel, and for its Complaint against the Defendants, states and alleges as follows:

### NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE

1. This is an action for equitable and declaratory relief to enforce the terms, to ensure consistent administration and preserve the assets of an employee welfare benefit plan under the terms of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1000-1461 ("ERISA").

2. The Lumen Health Care Plan (hereafter, inclusive of its predecessor plans as sponsored by predecessor entities, the "Lumen Plan") is a self-funded employee welfare benefit plan as those terms are defined by ERISA. The Lumen Employee Benefits Committee

---

[1] The Lumen brand was launched on September 14, 2020. As a result, CenturyLink, Inc. is referred to as Lumen Technologies, or simply Lumen. The legal name CenturyLink, Inc. was formally changed to Lumen Technologies, Inc. and the CenturyLink Employee Benefits Committee was accordingly renamed the Lumen Employee Benefits Committee.

(hereinafter "Committee" or "Plaintiff") serves as plan administrator and fiduciary of the Lumen Plan. The Committee is authorized to bring this action on behalf of all Lumen Plan participants and beneficiaries to enforce the terms of the Lumen Plan and ensure consistent administration of the Lumen Plan under 29 U.S.C. §1132(a)(3) and federal common law.

3. This is an action for the imposition of an equitable lien by agreement over identifiable funds in the possession and/or control of the Defendants. No money damages are being sought from the Defendants in this action.

4. Defendant, Audrine Sellers (hereafter "Sellers"), is a resident of the Commonwealth of Pennsylvania, residing at 414 W. Chelten Ave., Philadelphia, PA 19144.

5. Defendant, The Law Offices of Brett W. Batoff, LLC, (hereinafter "Batoff LLC") is a Pennsylvania corporation with a principal place of business located at 1528 Walnut Street, 4th Floor, Philadelphia, Pennsylvania 19102.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this is an action to enforce the terms of an employee welfare benefit plan under ERISA.

7. Pursuant to 29 U.S.C. §1132(e)(2), venue is proper in this Court because the Lumen Plan is administrated in this district.

## FACTUAL ALLEGATIONS

8. During the years 2012 through 2019, Defendant Sellers was an employee of Lumen, and she enrolled and participated in the Lumen Plan.

9. At all times relevant to this action, using the Company's electronic information system was of integral part of Defendant Sellers employment duties and she had access to a computer work station during her employment.

10. On or about October 14, 2012, Sellers sustained personal injuries as the result of a slip and fall that resulted in injuries to her left knee, neck and back.

11.    As the result of injuries sustained by the Sellers in the aforementioned incident, the Lumen Plan paid medical benefits to various medical providers in the amount of $75,738.77.

12.    At all relevant times, the Lumen Plan contained an express provision which provided that Lumen Plan participants must fully reimburse the Lumen Plan from the proceeds of the settlement of any claim asserted against a third party alleged to be responsible for the participant's injuries.  This language constitutes an equitable lien by agreement over the proceeds of any such settlement. Attached hereto as **Exhibit A** is a true and correct copy of the applicable provisions of the Lumen Plan, which are incorporated by reference herein.

13.    The relevant terms of the Lumen Plan were described in The Lumen Plan Summary Plan Descriptions ("SPDs").

14.    The SPDs were made available to Defendant and she was notified and provided access to these documents throughout the year on the Company intranet.  A term and condition of participation in the Lumen Plan is that participants consent to all the requirements of the Lumen Plan.

15.    Plaintiff is informed and therefore believes that Sellers retained Batoff LLC to file a claim against the party or parties she alleged to be liable for her injuries.

16.    Plaintiff is informed and therefore believes that Defendant Sellers settled the aforementioned claim for $990,000.00.

17.    The Lumen Plan's subrogation vendor, HMS, Inc. ("HMS"), placed Defendants on notice of the Lumen Plan's right of reimbursement prior to the aforementioned settlement.

18.    Neither the Lumen Plan, nor HMS, has consented to the distribution of any portion of the settlement proceeds to Defendants or any other parties.

19. Plaintiff has been informed by Defendant Batoff LLC that the amount of $75,738.77 will be held in the firm's IOLTA account pending resolution of the lien between the parties.

20. Despite numerous requests, Defendants have failed to reimburse the Lumen Plan from the proceeds of the settlement as required by the terms of the Lumen Plan.

## COUNT I: EQUITABLE LIEN BY AGREEMENT ON SETTLEMENT PROCEEDS PAID TO DEFENDANT SELLERS

21. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 20 above.

22. Pursuant to 29 U.S.C. §1132(a)(3), Plaintiff seeks equitable relief against Defendant Sellers to enforce ERISA and the written terms of the Plan.

23. Upon information and belief, Defendant Sellers is in actual or constructive possession of settlement proceeds and is therefore in possession of funds that as a matter of equity and good conscience belong to the Plan.

24. Defendant Sellers, through counsel, has refused to turn over the settlement funds according to the written provisions of the Lumen Plan. Defendant Sellers's refusal violates the terms of the Plan and ERISA. The Lumen Plan is entitled to equitable relief in the form of an equitable lien by agreement imposed upon the disputed funds, or upon any assets acquired with such funds, held in Defendant Sellers's actual or constructive possession.

25. Defendant Sellers should be ordered to turn over to the Lumen Plan any settlement funds in her actual or constructive possession (up to the amount of the benefits advanced by the Plan on her behalf) in order to enforce the written terms of the Plan and ERISA.

26. This Court should impose an equitable lien by agreement in favor of the Lumen Plan on any asset obtained with the settlement funds that are in Sellers's actual or constructive possession.

## COUNT II – EQUITABLE LIEN BY AGREEMENT ON SETTLEMENT PROCEEDS PAID TO DEFENDANT BATOFF LLC

27. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 26 above.

28. Upon information and belief, Batoff LLC is in actual or constructive possession of a portion of the settlement proceeds and is therefore in possession of funds that as a matter of equity and good conscience belong to the Lumen Plan.

29. This Court should impose an equitable lien by agreement and or equitable lien by restitution in favor of the Lumen Plan on any the trust account, operating account, or any other account into which the proceeds of the Sellers' settlement were deposited. The equitable lien should also attach to any assets acquired with the Sellers' settlement proceeds that are in the actual or constructive possession of Batoff LLC. The equitable lien should be in the amount of the deposit, up to the full amount of the Lumen Plan's reimbursement claim.

## COUNT III – ATTORNEYS' FEES (AGAISNT ALL DEFENDANTS)

30. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 29 above.

31. Plaintiff seeks its actual attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

5

WHEREFORE, the Plaintiff seeks the following relief:

a. For service upon the Defendants as required by law;

b. An order imposing an equitable lien by agreement in favor of the Plaintiff upon the settlement proceeds and requiring Defendants, to transfer the funds to the Plaintiff;

c. An order enjoining the Defendants from transferring or disposing of the settlement funds which would prejudice, frustrate or impair Plaintiff's ability to recover same;

d. An order awarding to Plaintiff reasonable attorneys' fees and costs incurred herein, pursuant to section 29 U.S.C. § 1132(g)(1); and

e. Other and further equitable relief to which the Plaintiff may be entitled.

This 12th day of October.

Respectfully submitted,

/s/ John D. Kolb
John D. Kolb
KOLB CLARE & ARNOLD, PSC
9400 Williamsburg Plaza, Suite 200
Louisville, KY 40222
(p) (502) 614-3776
(f) (844) 557-4329
Email: jkolb@kcalegal.com

*Counsel for Lumen Employee Benefits Committee*